## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00137-CMA-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION
AS RECEIVER FOR UNITED WESTERN BANK,

      Plaintiff,

v.

CHARLES J. BERLING,
JAMES H. BULLOCK,
ANTHONY C. CODORI,
BERNARD C. DARRÉ,
GARY G. PETAK,
WILLIAM D. SNIDER,
CINDY J. STERETT,
JOHN S. UMBAUGH, and
SCOT T. WETZEL,

      Defendants.

---

### STIPULATED PROTECTIVE ORDER ( Docket No. 35-1 )

---

    This Stipulated Protective Order ("SPO") is made by and between the Federal Deposit Insurance Corporation as Receiver for United Western Bank, Denver, Colorado ("FDIC-R"), and the named defendants in this case ("Defendants") who are former directors and officers of United Western Bank ("UWB" or the "Bank"). The FDIC-R and the Defendants are referred to individually as a "Party" or together as the "Parties."

### RECITALS

    1.    On January 21, 2011, the Office of Thrift Supervision ("OTS") closed UWB and appointed the FDIC as Receiver. At that time, the FDIC-R succeeded to all the rights, titles, and privileges of UWB and its depositors, account holders, and stockholders. 12 U.S.C. § 1821(d)(2)(A)(i).

2.      On January 17, 2014, the FDIC-R filed this action in the United States District Court for the District of Colorado, Civil Action Number 1:14-cv-00137-CMA-MJW (the "Action"), against the Defendants seeking damages in excess of $35 million related to 17 loans and loan modifications (the "Loan Transactions").

3.      The Defendants are insured under a liability insurance policy issued by St. Paul Mercury Insurance Company ("Travelers").

## AGREEMENT

1.      **Purpose.** This Stipulated Protective Order is entered into for the purpose of facilitating the exchange of confidential materials in discovery and making other disclosures, either voluntarily or as otherwise required by the Federal Rules of Civil Procedure or the Local Rules of this Court, while simultaneously maintaining the confidential nature of the documents and information provided to them in connection with this Action. This SPO is necessary because some documents exchanged hereunder contain information protected from disclosure by law, including private and protected financial information about Bank customers (such as information protected by the Gramm-Leach-Bliley Act (Pub. L. 106-102)), confidential regulatory information, or commercially sensitive information, disclosure of which could result in violations of law or harm to individual Bank customers or the Parties.

2.      **Definition of Confidential Material.** For purposes of this SPO, "Confidential Material" shall mean certain documents, records, and information that are not publicly available and are composed or stored in written, electronic, digital, or any other medium, provided by any Party pursuant to a discovery request or obligation in this Action or by a non-party pursuant to a subpoena issued in this Action, including any

- 2 -

information identifying any names, addresses, account information, personal information (such as social security number, date of birth, and any other personal identification information) recognized by law as, or required to be maintained as, confidential including, without limitation, the following:

(a)   ***Regulatory Information.***  Confidential Material related in any way to the regulation or supervision of the Bank, in whatever form, whether preliminary or final, including reports of examination or inspection, regulatory correspondence, reports, orders, memoranda, or agreements by, from or with the FDIC, the OTS, the Office of the Comptroller of the Currency, or any other federal or state regulatory authority, and any documents containing confidential information obtained from any documents and records related to the supervision or regulation of the Bank.  The Parties understand and agree that the release of such regulatory documents may require approval from independent government agencies, and that no regulatory documents, however obtained, will be disclosed to third parties without approval by the respective regulatory authority or a court order.  Confidential Material includes documents that are confidential or exempt from disclosure as provided in the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), the FDIC's regulations governing the disclosure of information, 12 C.F.R. Part 309, the laws of the State of Colorado, or any other applicable federal or state laws.

(b)   ***Bank and Bank Customer information.***  Confidential Material related to the Bank, its customers, any trading company involved in placing orders for commodities futures or options, or any other entity, including:  Automated Clearing House items or transactions, chargebacks, merchant processing, bank account

- 3 -

information, signature cards, bank statements, general ledger entries, deposit or

reserve information, commodity trading statements, loans and lending transactions, loan

applications, financial statements and credit reports, business and personal state and

federal income tax forms, correspondence, and related loan documentation relating to

any extension of credit or loan to any borrower.  Examples of "Confidential Material"

include, without limitation, a customer's account number, credit card number, personal

identification number, account balance, information relating to a deposit account, loan,

or borrower relationship and loan application materials.

   (c) ***Receivership Information.*** Confidential Material related to the

receivership of the Bank, including any information on loss or estimates of such loss on

the Bank's assets not publicly available.

   (d) ***Trade Secret/Proprietary Information.*** Documents and

information reasonably believed to constitute, reflect, or disclose trade secrets,

proprietary data, or commercially sensitive information.

   3. ***Confidential Designation and Treatment of Confidential Material.*** The

Parties shall designate documents as Confidential Material by stamping them with the

legend "Confidential."  The failure by a producing Party to designate any documents

with such legend shall not constitute a waiver by the producing Party of the right to

assert that such documents contain protected Confidential Material.  If a Party produces

confidential documents or information without designating the documents or information

as Confidential Material and if the producing Party subsequently notifies the receiving

Party's counsel that the documents or information should have been designated

Confidential Material, the Parties agree to treat any such subsequently identified

documents or information as duly designated Confidential Material and subject to this SPO. Absent the "Confidential Material" designation or the subsequent notification referenced above, a receiving Party shall have no obligation to treat received material as Confidential Material.

4.  ***Confidential Designation of Documents Produced by a Non-party.*** If a non-party produces documents to a Party in response to a subpoena issued in connection with this Action, each Party shall have a reasonable amount of time—taking into consideration the circumstances, including the volume of the production—to review the documents produced by the non-party, designate some or all of the produced documents as Confidential Material, and inform the other Parties of its designations. The Parties shall attempt, in good faith, to reach an agreement on the amount of time that would be reasonable, under the circumstances, to review and designate documents produced by the non-party as Confidential Material. If the Parties are unable to reach an agreement on this issue, any Party may raise the issue with the Court. The documents produced by the non-party shall be treated as Confidential Material pending each Party's review of the documents. In the event the Parties are unable to reach an agreement on a time period for review, the documents produced by the non-party shall be treated as Confidential Material pending and pursuant to the Court's order resolving the Parties' dispute.

5.  ***Challenge of Confidentiality Designation.*** The Parties specifically reserve the right to disagree with and contest the designation of any document or information as Confidential Material. A Party shall not be obligated to challenge the propriety of a designation of confidentiality at the time made, and a failure to do so shall

not preclude a subsequent challenge thereto.  In the event that any Party disagrees at any stage of these proceedings with the confidentiality designation by the designating Party, the Parties shall first try to resolve such dispute in good faith on an informal basis.  If after fifteen (15) days the dispute cannot be resolved, the Party objecting to the designation may, at any time thereafter, seek appropriate relief from the Court in which this Action is pending.  The challenged designation shall be maintained and shall remain in full force and effect pending the Court's determination on the challenged designation.  To the extent that a Party's designation of any document or material as confidential is challenged, it shall be the designating Party's burden to prove why such document or material meets the definition of Confidential Material.

6.    ***Non-disclosure of Confidential Material.***  All Confidential Material is provided solely and exclusively for purposes of litigating this Action.  Absent further written agreement between the Parties or further order of this Court, all such materials shall be maintained confidential pursuant to this SPO and shall not be disclosed, discussed, or in any way divulged to any person for any other purpose, except as permitted under this SPO; except that the exchange of Confidential Material between the FDIC-R and the FDIC acting in any of its various other capacities shall not constitute disclosure for purposes of this Order.  Any such Confidential Material transmitted among various capacities of the FDIC shall remain subject to this SPO and its prohibition on further disclosure.

7.    ***Exceptions to Non-disclosure.***  The Parties agree that any Confidential Material shall be used only to investigate, analyze, litigate, and resolve this Action.  The Parties may disclose Confidential Material to the following persons or entities, identified

in paragraphs 8 and 9, below, provided that each person or entity required to do so has complied with paragraph 11 below.

8.    ***Exceptions to Non-disclosure: Defendants and Travelers.*** Upon Travelers' execution of the SPO in the form of Attachment B, Travelers may receive Confidential Material, and subject to paragraph 11 below, the Defendants and Travelers may disclose Confidential Material to the following persons or entities:

(a)    Travelers' personnel (including, but not limited to, its Board of Directors, in-house attorneys, investigators, senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Action;

(b)    Outside counsel (together with any employees of counsel) engaged by the Defendants and/or Travelers to assist or participate in the Action;

(c)    Vendors, experts, consultants, mediators, and arbitrators engaged by the Defendants and/or Travelers and/or their respective counsel to assist or participate in the Action;

(d)    Reinsurers, auditors, or other entities to which Travelers may be required to respond or report in the ordinary course of business regarding the subject matter of the Action, but only so long as such persons or entities are already subject to substantially similar confidentiality obligations;

(e)    Regulators to which Travelers may be required to respond or report in the ordinary course of business regarding the subject matter of the Action;

(f)    Court officials involved in this Action including court reporters, certified translators or interpreters, and other court personnel as are necessarily incident to the conduct of discovery, the preparation for the trial, or the trial itself;

- 7 -

(g)     Bank officers, directors, employees, independent contractors, or outside accountants or auditors who performed work for the Bank; and

(h)     Non-party witnesses not listed in any other subparagraph of paragraph 8 who have executed Attachment A; provided, however, if in the course of deposition or trial testimony of said witness the witness has declined to execute Attachment A, the examination of said witness may proceed and the witness may be shown Confidential Material, but the witness shall not be given a copy of said material; and further provided that as to any deposition witness who declines to execute Attachment A, any Confidential Material to be used as exhibits shall be attached in a Confidential Appendix of exhibits, separate from the balance of the exhibits.

9.     ***Exceptions to Non-disclosure: FDIC-R.***  Notwithstanding anything to the contrary herein, but subject to paragraph 11 below, the FDIC-R may disclose Confidential Material received pursuant to this SPO to the following persons or entities:

(a)     FDIC personnel (including, but not limited to, its Chairman, Board of Directors, attorneys, investigators, and senior executives) conducting, assisting, monitoring, reviewing, or making determinations with regard or related to the Action;

(b)     Outside counsel (together with any employees of counsel) engaged by the FDIC-R to assist or participate in the Action;

(c)     Vendors, experts, consultants, mediators, and arbitrators engaged by the FDIC-R or its counsel to assist or participate in the Action;

(d)     Auditors or examiners required or authorized by law to review materials that may include Confidential Material;

(e)     Persons to whom the information is required to be made available under the FOIA or the FDIC's FOIA regulations, 12 C.F.R. part 309, upon receipt of a proper FOIA request for such information;

(f)     Court officials involved in this Action including court reporters, certified translators or interpreters, and other court personnel as are necessarily incident to the conduct of discovery, the preparation for the trial, or the trial itself;

(g)     Bank officers, directors, employees, independent contractors, or outside accountants or auditors who performed work for the Bank;

(h)     Non-party witnesses not listed in any other subparagraph of paragraph 9 who have executed Attachment A; provided, however, if in the course of deposition or trial testimony of said witness the witness has declined to execute Attachment A, the examination of said witness may proceed and the witness may be shown Confidential Material, but the witness shall not be given a copy of said material; and further provided that as to any deposition witness who declines to execute Attachment A, any Confidential Material to be used as exhibits shall be attached in a Confidential Appendix of exhibits, separate from the balance of the exhibits; and

(i)     Any officer, director, or employee of the Office of the Comptroller of the Currency ("OCC").

10.   ***Exception to Non-disclosure by Agreement or Court Order.***  If and to the extent a non-designating Party believes that Confidential Material should be disclosed to any person to whom disclosure is not specifically authorized under paragraphs 8 or 9, such non-designating Party shall request that the Party that designated the Confidential Material as Confidential consent to the disclosure of the

Confidential Material to such proposed recipient. The designating Party shall review the request in good faith and respond to it within five (5) business days. Neither Party waives its right to seek permission from the Court to disclose to the proposed person in the event that the terms of the consent cannot be agreed upon. Notwithstanding any other provision herein, in no event shall any Confidential Material be disclosed to any person, by consent or by identification in paragraphs 8 or 9, without such person first having executed the appropriate acknowledgements and agreements required herein.

11.     ***Confidentiality Order Certificate.*** Confidential Material may only be disclosed to persons or entities identified in subparagraphs 8(c), 8(g), 9(c), and 9(g) after that person or entity, through an authorized representative, agrees to be bound by this SPO and signs a written Agreement to Maintain Confidentiality in the form attached as Attachment A unless such persons or entities dealt with, authored, received, or reviewed the Confidential Material in the ordinary course of their duties prior to January 21, 2011. The signature of any representative with authority to sign on behalf of a person or entity is sufficient to bind the person or entity and all persons employed or otherwise retained by the person or entity. The Parties shall keep copies or originals of all of the Agreements to Maintain Confidentiality that they obtain during the course of this Action.

12.     ***Demands by Others for Confidential Materials.*** If any other person or entity demands by subpoena, other judicial process, or by operation of law, production by a Party of any Confidential Material so designated by another Party, the Party receiving such demand shall promptly notify the designating Party of such demand. At its option, the designating Party may elect to challenge the demand and assert any

applicable protections. The burden and expense of such challenge shall be borne solely by the designating Party. The designating Party shall notify the receiving Party and issuing court or tribunal of its challenge within such time as required by law, the subpoena, or other judicial process. The burden of proving that Confidential Material is entitled to protection from disclosure shall lie with the Party making the claim. When such a challenge is made, the Party who received the demand shall not produce any Confidential Material in the absence of consent by the designating Party or an order by the issuing court or tribunal compelling production. Nothing in this SPO shall be interpreted as requiring any Party to violate any applicable law.

13.    ***No Waiver of Objections to Use; Filing Under Seal.*** The Parties hereto shall not contend or assert that a Party's production of Confidential Material in any way acts as a waiver of any privilege, work product doctrine, or discovery or evidentiary objections by the producing Party, or otherwise entitles the receiving Party to obtain or use Confidential Material in a manner contrary to this SPO. In the event a Party wishes to file Confidential Material with the Court, the Party wishing to file the Confidential Material shall request that it be filed under seal and remain under seal until such time as the Court orders otherwise, pursuant to the Local Rules of the Court; provided, however, if the clerk declines to file said documents under seal, the filing Party may file said documents with redactions as required under the Local Rules of the Court.

14.    ***Reservation of Rights.*** Nothing in this SPO confers upon the Parties any further right of access to documents or information not provided by the other Parties. With respect to Confidential Material, each Party reserves its rights under this SPO, and otherwise under law.

15.    ***Return or Destruction of Documents.***  Upon final resolution of the

Action through the claim process, settlement, or entry of a final, non-appealable

judgment governing the rights and obligations of the FDIC-R and the Defendants with

respect to the Action, only the persons and entities identified in subparagraphs 8(a)-(c)

or 9(a)-(c) may retain copies of any Confidential Material produced to them as

reasonably necessary to comply with future requests for review by reinsurers, auditors,

and regulators, or as necessary to exercise or enforce any subrogation rights, or as

necessary to meet other business requirements.  When such retention is no longer

needed, such persons and entities shall return the retained documents or destroy those

documents in accordance with their standard record destruction procedures, subject to

any applicable litigation hold or any other document or information hold imposed by any

governmental body or court order.  Any person or entity retaining such Confidential

Material shall maintain its confidentiality in accordance with this SPO until such

documents are returned or destroyed.  This paragraph does not apply to any documents

or information ordered produced by a court without the limitations set forth in this SPO.

The Parties further agree that all documents generated by them that summarize or

otherwise include Confidential Material are governed by this SPO.  To the extent any

Party retains any Confidential Material pursuant to a separate written agreement, the

terms of this SPO will continue to govern.  Upon request by the designating Party, the

receiving Party will provide appropriate certificates with respect to disposition of the

Confidential Material.

16.    ***Remedies.***  In the event of an alleged violation or threatened violation of

this SPO, the Parties shall first seek to resolve the dispute through prompt and

reasonable discussion.  If such efforts fail to promptly resolve the dispute, the Parties

reserve the right to initiate litigation in this Court for, among other things, money

damages, injunctive relief, or any other relief as appropriate. *until Termination of this case*

17.   ***No Waiver of Privileges; Claw Back of Privileged Documents.***  The

Parties do not waive any privilege, including any attorney-client privilege, work product *MAY t 4.14*

doctrine, or any other applicable privilege they might have with respect to any of the

documents and information produced, nor do the Parties waive the right to challenge

any assertion of privilege by entering into this SPO.  With respect to the FDIC in any of

its capacities, these privileges include, but are not limited to, any privilege that the Bank

may have had or any federal or state regulatory agency may hold.  The Parties'

production of Confidential Material is not intended to and shall not waive or diminish in

any way the confidentiality of such material or its continued protection under the

attorney-client privilege, work product doctrine, or any applicable privilege as to any

other third party.  The Parties are not required to meet the conditions in Federal Rule of

Evidence 502(b)(1)-(3).

Documents withheld or redacted on the basis of attorney-client privilege, work

product doctrine, or any other applicable privilege shall be logged and the log made

available with the document production.  However, documents or portions thereof that

are withheld because they contain information related to suspicious activity reports

("SARs") under the Bank Secrecy Act will not be logged.  In addition, the Parties have

not yet reached an agreement as to whether the Parties are required to log privileged

documents withheld from production that were created, sent, or received after January

21, 2011, but will continue to meet and confer on this subject.

In the event that a Party produces privileged documents or information and the producing Party subsequently notifies the receiving Party that the privileged documents or information should not have been produced, the receiving Party agrees to immediately return the originals and all copies of the produced privileged documents and information; provided, however, that the receiving Party may challenge the producing Party's claim of privilege.  If the receiving Party challenges the producing Party's claim of privilege, the receiving Party shall not make use of the documents in question until the matter is resolved by the Parties or by the Court.  Nothing herein shall prevent the FDIC, in any of its capacities, from using any Confidential Material that it produces to the Defendants for any lawful purposes.

18.     ***Modification; Waiver.***  This SPO is based on the stipulation between the Parties regarding the subject matter hereof, and any prior oral or written statements concerning same are merged herein for all purposes and shall be of no force and effect. A modification or waiver of any of the terms of this SPO must be in writing and signed by all Parties or approved by the Court after motion filed by a Party.  The captions heading the paragraphs of this SPO are inserted for convenience only and shall not affect the meaning or interpretation of the provisions hereof.

19.     ***Binding Effect; Assignment.***  The SPO shall be binding upon and inure to the benefit of the Parties hereto, their affiliates, their representatives, and the Parties' respective successors or assigns.  No Party may assign any right or delegate any duty under this SPO other than to an affiliate without the other Party's prior written consent.

20.   *Notice.*  All notices required to be given under this SPO shall be in writing and delivered to the contacts for each Party set forth below.  Notice shall be sent via email and shall be considered delivered upon receipt.

| | |
|---|---|
| If to the FDIC-R: | Daniel P. Larsen<br>dpl@aterwynne.com |
| | Lori Irish Bauman<br>lib@aterwynne.com |
| | Jeff M. Peterson<br>jmp@aterwynne.com |
| | Paul H. Schwartz<br>pschwartz@sgslitigation.com |
| | and |
| | Samuel B. Lutz<br>salutz@fdic.gov |
| If to the Defendants: | Matthew Rawlinson<br>Latham & Watkins LLP<br>matt.rawlinson@lw.com |
| | Phillip A. Parrott<br>Campbell Killin Brittan & Ray, LLC<br>pparrott@ckbrlaw.com |

21.   *Power of Execution of Agreement.*  Each of the signatories severally represents and warrants that he, she, or it, in the capacities recited herein, has the full power and authority to execute, deliver, and perform this Stipulated Protective Order.

22.   *Execution; Facsimile Signatures; Counterparts.*  This SPO may be executed as facsimile or scanned and emailed originals, and each copy of this SPO bearing the facsimile transmitted or scanned and emailed signature of a Party's authorized representative shall be deemed an original.  This SPO may be executed in

- 15 -

two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

DATED: June 6, 2014.

By: s/ Daniel P. Larsen
**Daniel P. Larsen**
**Lori Irish Bauman**
**Jeff M. Peterson**
ATER WYNNE LLP
Suite 900
1331 NW Lovejoy Street
Portland, OR 97209
Telephone: (503) 226-1191
FAX: (503) 226-0079
Email: dpl@aterwynne.com
Email: jmp@aterwynne.com
Email: lib@aterwynne.com

**Paul H. Schwartz**
SHOEMAKER GHISELLI + SCHWARTZ
LLC
1811 Pearl Street
Boulder, CO 80302
Telephone: (303) 530-3452
FAX: (303) 530-4071
Email: pschwartz@sgslitigation.com

Attorneys for Plaintiff Federal Deposit
Insurance Corporation as Receiver for
United Western Bank

By: s/ Matthew Rawlinson
**Matthew Rawlinson**
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone: (650) 328-4600
matt.rawlinson@lw.com

Attorneys for the Defendants

Done This 9th Day of June 2014.

By The Court

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

- 16 -

**ATTACHMENT A**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

I hereby acknowledge that I have been provided and have read a copy of the

Stipulated Protective Order ("SPO") dated _____, 2014, in the action

entitled *Federal Deposit Insurance Corporation as Receiver for United Western Bank v.*

*Charles J. Berling, et al.* I understand that any Confidential Material within the meaning

of the SPO shown to me is confidential, shall be used by me only as provided in the

SPO, and shall not be disclosed by me unless expressly permitted under the SPO. I

agree to abide by the terms of the SPO, including its provisions concerning the return or

destruction of such Confidential Material. I acknowledge that I may be subject to claims

for monetary damages and/or injunctive relief for unauthorized disclosure or use of

Confidential Material or if I violate any obligation under the SPO.


Name: _____        Date: _____
                    (signature)

Name: _____
                    (printed)
                                         Telephone: _____
                                                        (Business)
Company: _____
                                         _____
                                                        (Home)
Address 1: _____

Address 2: _____        _____
                                                        (Cell)
City: _____

State/Zip Code: _____

- 1 -

**ATTACHMENT B**

**AGREEMENT TO MAINTAIN CONFIDENTIALITY**

Travelers has been provided and has read a copy of the Stipulated Protective Order ("SPO") dated _____, 2014, in the action entitled *Federal Deposit Insurance Corporation as Receiver for United Western Bank v. Charles J. Berling, et al.* Travelers understands that any Confidential Material within the meaning of the SPO shown to Travelers is confidential, shall be used by Travelers only as provided in the SPO, and shall not be disclosed by Travelers unless expressly permitted under the SPO. Travelers agrees to abide by the terms of the SPO, including its provisions concerning the return or destruction of such Confidential Material. Travelers acknowledges that it may be subject to claims for monetary damages and/or injunctive relief for unauthorized disclosure or use of Confidential Material or if it violates any of its obligations under the SPO.

TRAVELERS:


By: _____        Date: _____
         (signature)

Name: _____
       (printed)        Telephone: _____
                  (Business)

Address 1: _____

Address 2: _____

City: _____

State/Zip Code: _____

- 1 -