IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00137-CMA-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR UNITED WESTERN BANK,

Plaintiff,

v.

CHARLES J. BERLING,
JAMES H. BULLOCK,
ANTHONY C. CODORI,
BERNARD C. DARRÉ,
GARY G. PETAK,
WILLIAM D. SNIDER,
CINDY J. STERETT,
JOHN S. UMBAUGH, and
SCOT T. WETZEL,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby ORDERED that Defendants' Motion to Compel the FDIC to Produce One or More Witnesses to Testify Pursuant to Rule 30(b)(6) **(docket no. 60)** is **GRANTED in part and DENIED in part** as follows.

### *Timing of the Rule 30(b)(6) Deposition*

Plaintiff's primary argument is that the Rule 30(b)(6) deposition, at least on certain topics, is premature until Judge Arguello rules on Plaintiff's motion to strike Defendant's affirmative defenses (docket no. 48). The Court disagrees for two reasons. First, discovery has already been stalled for roughly twelve months. This case needs to get moving. At the moment, the affirmative defenses are still part of this case – and for that reason are still a proper subject for discovery. Second, the Court agrees with Defendants that "[e]ven if Judge Arguello were to strike certain affirmative defenses, [the objected-to topics] would still be relevant to assessing whether Defendants met the standard of care, and . . . relevant to assessing the factual bases for the FDIC's damages and recoveries on these loans" (docket no. 68). Accordingly, the Court orders that the deposition proceed.

Defendants also argue that there is no reason for the deposition to wait until after Plaintiff's production of documents is completed. Defendants are right as a general rule. Fed. R. Civ. P. 26(d)(2). That said, at no point has Plaintiff actually taken the position that the deposition should wait until all documents have been produced. (*See* docket no. 67, at 4-5.) Thus, any such argument is not before the Court and is waived.

### *FDIC-R as a Proper Witness*

Plaintiff makes two further arguments broadly applicable to several of the deposition topics.

First, Plaintiff argues that it cannot be compelled to create a witness to testify as to the pre-failure conduct of the bank formerly controlled by Defendants. Plaintiff contends that it has no first-hand knowledge of the facts before it assumed control of the bank; that all its knowledge comes from documents which it has or will produce pursuant to written discovery requests; and to the extent it has anything further to testify to, such testimony should come in the form of contention interrogatories to avoid the risk of encroaching on information protected by privilege or the work-product doctrine.

In response, Defendants cite *FDIC v. 26 Flamingo LLC*, 2013 WL 3975006 (D. Nev. Aug. 1, 2013), in which the court ordered the FDIC to produce witnesses to testify as to a bank's pre-failure intent or understanding as revealed by documents in the FDIC's possession. Defendants' reliance on *26 Flamingo* is misplaced. The case is distinguishable for at least two reasons:

- First, there the FDIC continued to control the closed bank and therefore, as the court noted, could interview current bank employees. That is not the case here; Plaintiff presumably no longer has any greater access to UWB's employees than Defendants do.

- Second, there the FDIC sued a debtor who had taken a loan from the closed bank, not the former directors and officers of the bank; the defendants had less information about the closed bank than did the FDIC. Here, by contrast, Defendants themselves have first-hand information of the bank's pre-failure activities – and they therefore have little need to depose Plaintiff as a witness on those facts.

Moreover, to the extent the case *is* apposite, it does not help Defendants. It specifically holds that "the FDIC is not relieved of its obligations to designate a Rule 30(b)(6) deponent simply because it is a bank's receiver, *but its lack of pre-failure involvement does bear on the reasonableness of the deposition topics related to pre-failure transactions.*" *Id.* at *6 (emphasis added).

Here, Plaintiff sold the closed bank and no longer has access to its employees; Plaintiff cannot interview the banks employees, nor designate one to explain the bank's pre-failure policies and practices. Plaintiff has access *only* to the bank's documents and

to its own legal theories.  Further, Defendants seem most interested in testing Plaintiff's legal contentions.  (*See* docket No. 68, at 13-14.)  In that regard, the topics to which Plaintiff objects are wholly duplicative of other topics seeking the "factual bases" for Plaintiff's allegations, to which Plaintiff has not objected.  As a result, the Court hereby strikes topics 1, 2, 3, 4, and 12 from the deposition notice.  The Court further limits topics 21 and 22 to the time frame before Plaintiff FDIC sold UWB's assets.

Second, Plaintiff argues that it cannot provide a witness to testify to things within the knowledge of other government agencies.  Defendants make no meaningful response to this argument; instead, Defendants argue that Plaintiff has possession of *documents* from the Office of Thrift Supervision and should produce them.  As this has absolutely nothing to do with Plaintiff's Rule 30(b)(6) obligations, it is nonresponsive.  Defendants cite no authority for the position that Plaintiff must produce a witness to testify to, for example, "the views of the [Office of Thrift Supervision] concerning United Western's compliance with prudent, safe, and sound lending practices."  As a result, the Court hereby strikes topics 14, 15, 16, 17, and 18 from the deposition notice.

### *Overbroad or Vague Topics*

Plaintiff argues that it cannot produce a witness to testify to topic 13, "[t]he effects of the Great Recession on United Western's loan portfolio, generally, and the Loan Transactions, specifically," on the ground that it calls for expert opinion.  Defendants respond that it seeks factual information, not expert testimony.  Defendants' response is a frivolous misinterpretation of the colloquial distinction between expert witnesses and lay "fact" witnesses; experts, like lay witnesses, testify to factual information. *See* Fed. R. Evid. 701, 702.  The Court agrees that Plaintiff is unlikely to have relevant testimony to offer on this question, and that Defendants should pursue the topic during the deposition of expert witnesses.

Finally, Plaintiff argues that it cannot produce a witness to testify to topic 19, "[c]ontemporaneous views of external parties concerning United Western's portfolio of [] loans and concentrations of credit," as it vaguely calls for the views of third parties, without any indication of who, when, or how Plaintiff would know.  The Court agrees.

As a result, the Court hereby strikes topics 13 and 19 from the deposition notice.

Date: March 4, 2015