IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00137-CMA-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR UNITED WESTERN BANK,

Plaintiff,

v.

CHARLES J. BERLING,
JAMES H. BULLOCK,
ANTHONY C. CODORI,
BERNARD C. DARRÉ,
GARY G. PETAK,
WILLIAM D. SNIDER,
CINDY J. STERETT,
JOHN S. UMBAUGH, and
SCOT T. WETZEL,

Defendants.

**ORDER ON DEFENDANTS' MOTION TO COMPEL (Docket No. 78)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

District Judge Christine M. Arguello referred to the undersigned Defendants' Motion to Compel Plaintiff Federal Deposit Insurance Corporation and Third Party Office of the Comptroller of the Currency to Produce Documents and Request for Expedited Briefing Schedule and Ruling. (Docket No. 78, 80.) The Court previously denied the request for expedited briefing. (Docket No. 79.)

The Court has reviewed the parties' filings (Docket No. 78, 86, 87, & 89), taken judicial notice of the Court's entire file in this case, and considered the applicable Federal Rules of Civil Procedure, statutes, and case law. Now being fully informed, the Court grants in part and denies in part Defendants' motion.

## Legal Standards

The scope of discovery in federal courts is quite broad:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

## Discussion

Defendants are former directors of United Western Bank ("UWB" or "the Bank"), which was placed into receivership by the Federal Deposit Insurance Corporation ("FDIC"). The FDIC now sues Defendants for negligence based on twelve specific loans. At the time of these transactions, UWB's federal regulator was the Office of Thrift Supervision ("OTS"), an agency since merged into the Office of the Comptroller of Currency ("OCC").

Defendants have requested various OTS documents in discovery.[1] Specifically, they have asked for (1) all OTS documents that were in the Bank's files when the FDIC

---

[1] The FDIC, when acting as a receiver, has the legal right to demand OTS records from the OCC. 12 U.S.C. § 1821(*o*). As a result, OTS documents are within the scope of the FDIC's discovery obligations. *See*, *e.g.*, *Resolution Trust Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992) ("The federal courts have universally held that documents are deemed to be within the possession, custody or control of a party for purposes of Rule 34 if the party has actual possession, custody or control of the materials *or* has the legal right to obtain the documents on demand."). Defendants have also sought these documents through a third-party subpoena, and ask the Court in the

3

seized the Bank; (2) all OTS records pertaining to the 12 loans specifically at issue in this case; and (3) all OTS records bearing on the Bank's ratings in two specific audit categories examined by regulators.[2]  Of these three sets of documents, the FDIC and OCC have produced the first two.  The motion to compel now before the Court concerns the third category: OTS documents relating to UWB's overall regulatory ratings in two specific quality-control categories.

Defendants argue that the records will shine light on their conduct—specifically, whether they followed their internal lending policies generally, and whether they met their standard of care generally.  The FDIC counters that such generalized documents can have no bearing on whether Defendants followed internal lending policies and met their standard of care as to these twelve loans specifically—and to the extent there's any relevance at all, it would reflect the bank examiners' inadmissible opinions rather than their first-hand knowledge.

For purposes of discovery, the Court agrees with Defendants.  The documents may ultimately prove inadmissible for a variety of reasons.  But either way, they might

---

alternative to enforce that subpoena.  The OCC disputes its amenability to third-party subpoenas.  But because the documents are within the FDIC's custody or control for purposes of Rule 34, the dispute over third-party discovery is moot.

[2] As explained by Defendants:

> Pursuant to the Uniform Financial Institutions Rating System, federal banking regulators assign a series of ratings to individual banks known as CAMELS ratings, which in addition to an overall composite rating of the bank address the institutions' "Capital Adequacy," "Asset Quality," "Management," "Earnings," "Liquidity," and "Sensitivity to Market Risk." *See* 62 Fed. Reg. 752, 753 (Jan. 6, 1997).

(Docket No. 78, p.3 n.1.)  Defendants' motion seeks documents related to the "Asset Quality" and "Management" categories.

4

nonetheless contain information leading to the discovery of admissible evidence. For example, in the realm of tax litigation, it's well-established that trial is *de novo* and the IRS's determinations have no probative value—but that the IRS's administrative files are nonetheless fully discoverable. *Compare Greenberg's Express, Inc. v. Comm'r of Internal Revenue*, 62 T.C. 324, 327 (1974) (IRS's statements during audit are generally irrelevant), *with Branerton Corp. v. Comm'r of Internal Revenue*, 64 T.C. 191 (1975) (IRS's audit records are generally discoverable). Here, by analogy, the OTS's determinations may likewise prove inadmissible—but its files remain discoverable.

The FDIC makes no other arguments, aside from relevance. It does not argue (other than in passing) that the request is unduly burdensome, overbroad, vague, or barred by any privilege. Accordingly, all such arguments are waived. The OCC, on the other hand, does argue that the production of documents would be unduly burdensome —because the files are four years old and were generated by a predecessor agency. The Court disagrees; the documents are within the scope of discovery, and four years is not a long time for a federal agency to retain documents. Further, the burden of finding these documents has been placed on the OCC by statute. *See* 12 U.S.C. § 1821(*o*). If the burden is undue, the OCC should take it up with Congress.

### **Order**

It is hereby ORDERED that Defendants' Motion to Compel Plaintiff Federal Deposit Insurance Corporation and Third Party Office of the Comptroller of the Currency to Produce Documents and Request for Expedited Briefing Schedule and Ruling (Docket No. 78) is GRANTED IN PART and DENIED IN PART, as follows:

5

- The FDIC is ordered (1) to demand from the OCC, and (2) to produce to Defendants, all OTS documents responsive to Defendants' Request for Production of Documents 12 through 16 (inclusive), no later than July 17, 2015;
- To the extent the motion seeks to compel production of other documents, it is denied as moot; and
- To the extent the motion seeks relief under Rule 45, it is denied as moot.

Dated this 16th day of June, 2015.

BY THE COURT:

*/s/ Michael J. Watanabe*
MICHAEL J. WATANABE
United States Magistrate Judge