IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00137-CMA-MJW

FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR UNITED WESTERN BANK,

Plaintiff,

v.

CHARLES J. BERLING,
JAMES H. BULLOCK,
ANTHONY C. CODORI,
BERNARD C. DARRÉ,
GARY G. PETAK,
WILLIAM D. SNIDER,
CINDY J. STERETT,
JOHN S. UMBAUGH, and
SCOT T. WETZEL,

Defendants.

## MINUTE ORDER

**Entered by Magistrate Judge Michael J. Watanabe**

It is hereby ORDERED that Defendants' Motion to Compel Plaintiff Federal Deposit Insurance Corporation to Produce Known, Responsive Documents and Request for an Expedited Ruling (Docket No. 91) is DENIED WITHOUT PREJUDICE, for the following reasons.

There does not appear to be any actual dispute between the parties. Defendants take the positions that (1) Plaintiff is under an obligation to produce all documents it knows of that respond to Defendants' discovery requests, but that (2) Plaintiff is not under any obligation to conduct a new search of ESI to find responsive documents. Plaintiff takes the same positions. As a result, there is not much left for the Court to decide. But because the parties nonetheless argue over this erstwhile agreement, the Court makes the following findings of fact and conclusions of law:

1. First, the Court finds that Plaintiff's discovery obligations include a continuing duty to supplement. Fed. R. Civ. P. 26(e). This duty is triggered any time Plaintiff learns of responsive materials, regardless of how Plaintiff comes to learn of those materials. Further, nothing in the ESI protocol stipulated by the parties and ordered by the Court (Docket No.

    43) displaces this obligation to seasonably supplement discovery responses.  Failure to seasonably supplement responses can and will lead to the imposition of sanctions under Rule 37(c)(1).  That said, Defendants have made no showing at this time that Plaintiff has identified and failed to timely disclose responsive documents.

2.  Second, the Court finds that the ESI protocol stipulated by the parties and ordered by the Court (Docket No. 43) relieves Plaintiff of any obligation to conduct additional or recurring searches of ESI, except as set forth in that stipulated order.  (*See id.* ¶¶ 4, 12.)  If Defendants make a showing that the agreed-upon protocol or software is unreliable or that the production is incomplete, Plaintiff may be obligated to perform additional reasonable searches.  *See, e.g.*, *FDIC v. McCaffree*, 289 F.R.D. 331, 337-41 (D. Kan. 2012).  That said, Defendants have made no such showing here.

3.  Third, to the extent Plaintiff conducts or has conducted additional ESI searches on its own (*e.g.*, as part of its own case development and not in response to specific discovery requests from Defendants), Rule 26(e) obligates Plaintiff to consider whether each document it reviews for its own purposes might also be responsive to any of Defendants' discovery requests.

  a.  Here, it appears that Plaintiff has identified documents for its own ends (specifically, fifteen pages of emails), and that Plaintiff disclosed those documents in order to use them at a deposition rather than to honor their duty to supplement.  The Court notes, too, that throughout its response, its affidavits, and its other exhibits, Plaintiff fails to explain how it came to discover these emails.  Nor does Plaintiff state that no other documents were similarly found through its own efforts.

  b.  For purposes of this motion, though, Plaintiff attests that it disclosed newly discovered emails "shortly after they were discovered." (Docket No. 94-1 ¶ 7.)  In light of that averment and the relatively limited number of documents known to be at issue, the Court finds (as stated above) that Defendants have not made a showing that Plaintiff has disregarded its duty to supplement.

  c.  The Court hereby warns Plaintiff to pay careful attention to its discovery obligations.  Any future showing that Plaintiff has identified other documents (regardless of how or why the documents were identified), that those documents are responsive to Defendants' discovery requests, and that those documents were not timely disclosed, will lead to severe sanctions.

    4.      Fourth, although Defendants argue that problems in the production of documents from OCC/OTS indicate "that Court intervention is necessary to ensure that responsive documents are not withheld from production," Defendants do not at this time ask for sanctions to be imposed based on that production of documents.  And although this Court has concluded that OCC/OTS documents fall within the FDIC's discovery obligations, the Court did not find in its previous order that the FDIC's position was frivolous.  Further, to the best of the Court's knowledge, the OCC/OTS production is entirely separate from and unrelated to the ESI protocol governing searches of UWB's records.  As a result, the Court does not find that any shortcomings in the OCC/OTS production support a finding of bad faith, nor do they indicate a failure to seasonably supplement.

    Based on the foregoing, Defendants motion is denied, without prejudice against a future motion based on a stronger showing.

Date: August 10, 2015